**VICTOR N. PIPPINS**
California State Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
victor_pippins@fd.org

Attorneys for Mr. Rodriguez-Acosta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Miguel Rodriguez-Acosta,<br><br>Defendant. | Case No.: 08cr0878-IEG<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br><br>**STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

**I.**

**STATEMENT OF FACTS**[1]

On March 11, 2008, at approximately 9:00 p.m., Miguel Rodriguez-Acosta applied for entry into the United States at the Calexico West Port of Entry. He was the driver and only occupant of a 2005 Ford F-150 truck. Customs and Border Protection Canine Enforcement Officer Jones was conducting a pre-primary operation with his Human and Narcotics Detection Dog, which alerted to the spare tire of the vehicle Mr. Rodriguez was driving. Customs and Border Protection Officer Leon escorted Mr. Rodriguez from the vehicle and into the Secondary Vehicle Inspection Lot.

//

---

[1] The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to elaboration and/or modification at the time these motions are heard. Mr. Rodriguez-Acosta reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  In secondary inspection, it is alleged that Mr. Rodriguez gave a negative customs declaration and told
2  Customs and Border Protection Agent Medina that he was returning home from Mexicali after playing
3  tennis. An inspection of the vehicle was conducted, which resulted in the discovery of approximately 19.84
4  kilograms (43.64 pounds) of a material suspected to be marijuana. The alleged marijuana was discovered
5  in the spare tire of the truck. Mr. Rodriguez was placed under arrest.
6  It is alleged that Special Agent Rafael Silva advised Mr. Rodriguez-Acosta of his rights, as
7  established in Miranda v. Arizona 384 U.S. 436 (1966), at approximately 12:39 a.m. on March 12, 2008.
8  Special Agent Silva claims that Mr. Rodriguez-Acosta acknowledged that he understood his rights and
9  agreed to answer questions without the presence of counsel.
10 Mr. Rodriguez-Costa allegedly stated that the truck was registered under his father's name but that
11 he was the one who drove it most of the time. In addition, Mr. Rodriguez-Acosta stated that he works with
12 his father as a truck driver, and had just left his mother's house en route to his own home in Calexico. When
13 the questioning turned to allegations of a conspiracy with no articulated relationship to the current incident,
14 Mr. Rodriguez-Acosta stated that he wanted to speak with his attorney and no further questions were asked.
15 After the interrogation was finished, Mr. Rodriguez-Acosta was arrested for violations of 21 U.S.C. 852 and
16 960, and booked into the Imperial County Jail in El Centro, California.
17 On March 25, 2008, the July 2007 Grand Jury handed down an indictment, charging Mr. Rodriguez
18 -Acosta with the importation of approximately 19.84 kilograms (43.64 pounds) of marijuana, in violation
19 of Title 21, United States Code, Sections 952 and 960. A not guilty plea was entered on Mr. Rodriguez-
20 Acosta's behalf.

## II.

## **MOTION TO COMPEL DISCOVERY**

23 Mr. Rodriguez-Acosta moves for the production of the following discovery. This request is not
24 limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in
25 the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See
26 United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).
27 (1) The Defendant's Statements. The Government must disclose to the defendant all copies of any
28 written or recorded statements made by the defendant; the substance of any statements made by the

defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A), (B) and (C). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. <u>See</u> Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The Government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

1   (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.
2   Crim. P. 16(a)(1)(D).

3   (6) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts
4   under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon
5   request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
6   general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.
7   The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time
8   to adequately investigate and prepare for trial.

9   (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search,
10  either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

11  (8) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if
12  necessary, all other documents and tangible objects, including photographs, books, papers, documents,
13  fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended
14  for use in the Government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim.
15  P. 16(a)(1)(E).

16  (9) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective
17  Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his
18  or his testimony.

19  (10) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government
20  witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
21  has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>,
22  <u>supra</u>.

23  (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any
24  evidence that any prospective witness is under investigation by federal, state or local authorities for any
25  criminal conduct.

26  (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The
27  defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
28  that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

1  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
2  alcoholic.

3  (13) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each
4  prospective Government witness.  The defendant also requests the name and last known address of every
5  witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will
6  <u>not</u> be called as a Government witness.

7  (14) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any
8  witness who made an arguably favorable statement concerning the defendant or who could not identify him
9  who was unsure of his identity, or participation in the crime charged.

10  (15) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement
11  relevant to any possible defense or contention that he might assert.

12  (16) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,
13  including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.
14  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks
15  material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
16  interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v.</u>
17  <u>United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the
18  Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes
19  are then subject to the Jencks Act.

20  (17) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant
21  requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange
22  for their testimony in this case, and all other information which could arguably be used for the impeachment
23  of any Government witnesses.

24  (18) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery
25  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
26  compensation, or any other kind of agreement or understanding, including any implicit understanding
27  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government
28  witness and the Government (federal, state and/or local).  This request also includes any discussion with a

1 potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, 2 even if no bargain was made, or the advice not followed.

3     (19) <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and 4 addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, 5 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime 6 charged against Mr. Rodriguez-Acosta. The Government must disclose the informant's identity and 7 location, as well as disclose the existence of any other percipient witness unknown or unknowable to the 8 defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The Government must disclose any 9 information derived from informants which exculpates or tends to exculpate the defendant.

10     (20) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any 11 information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 12 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats 13 were made to the witness to secure cooperation with the authorities.

14     (21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Rodriguez-Acosta requests 15 that the Government examine the personnel files and any other files within its custody, care or control, or 16 which could be obtained by the government, for all testifying witnesses, including testifying officers. 17 Mr. Rodriguez-Acosta requests that these files be reviewed by the Government attorney for evidence of 18 perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any 19 information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 20 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: 21 the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government 22 failed to examine the files of agents who testified at trial. This Court should therefore order the Government 23 to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that 24 is exculpatory to Mr. Rodriguez-Acosta prior to trial. Mr. Rodriguez-Acosta specifically requests that the

25 <center>**III.**</center>

26 <center>**MOTION TO PRESERVE AND INSPECT EVIDENCE**</center>

27     Mr. Rodriguez-Acosta requests the preservation of all physical evidence in this case. This includes 28 any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the

government (or its private contractors) in this case. See United States v. Riley, 189 F.3d 802, 806-808 (9th Cir.1999). This request includes, but is not limited to: (1) the alleged contraband found in the spare tire, including samples used to conduct tests; (2) the containers or packaging within which the contraband was discovered; (3) the results of any fingerprint analysis; (4) the defendant's personal effects; (5) any videotapes capturing Mr. Rodriguez-Acosta in this matter; (6) the vehicle seized pursuant to the arrest. Mr. Rodriguez-Acosta requests that government counsel be ordered to notify the agencies and private contractors with custody of such evidence be informed of the Court's preservation order.

Further, Mr. Rodriguez-Acosta requests an order granting defense counsel and/or their investigators access to the alleged contraband and other evidence for the purposes of investigation, including inspection, photographing, and re-weighing of the alleged contraband if necessary. Fed. R. Crim. P. 16(a)(1)(C). A proposed Order is attached for the convenience of the Court.

Mr. Rodriguez-Acosta requests that the evidence in the case be preserved throughout the pendency of the case, including any appeals.

## VI.

## **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. To date, counsel has received **73 pages** of discovery from the government in this matter.

## VII.

## **CONCLUSION**

For these and all the foregoing reasons, the defendant, Mr. Rodriguez-Acosta, respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

DATED: April 18, 2008

*/s/ Victor N. Pippins*
**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez-Acosta
E-mail: victor_pippins@fd.org