**VICTOR N. PIPPINS**
California State Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467
victor_pippins@fd.org

Attorneys for Mr. Rodriguez-Acosta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 08cr0878-IEG |
| Plaintiff, ) | Date: June 9, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| Miguel Rodriguez-Acosta, ) | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**[1]

On March 11, 2008, at approximately 9:00 p.m., Miguel Rodriguez-Acosta applied for entry into the United States at the Calexico West Port of Entry.  He was the driver and only occupant of a 2005 Ford F-150 truck.  Customs and Border Protection Canine Enforcement Officer Jones was conducting a pre-primary operation with his Human and Narcotics Detection Dog, which alerted to the spare tire of the vehicle Mr. Rodriguez was driving. Customs and Border Protection Officer Leon escorted Mr. Rodriguez from the vehicle and into the Secondary Vehicle Inspection Lot.

//

---

[1] The following statement of facts is based, in part, on materials received from the government.  The facts alleged in these motions are subject to elaboration and/or modification at the time these motions are heard.  Mr. Rodriguez-Acosta reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1   In secondary inspection, it is alleged that Mr. Rodriguez gave a negative customs declaration and told
2   Customs and Border Protection Agent Medina that he was returning home from Mexicali after playing
3   tennis. An inspection of the vehicle was conducted, which resulted in the discovery of approximately 19.84
4   kilograms (43.64 pounds) of a material suspected to be marijuana. The alleged marijuana was discovered
5   in the spare tire of the truck. Mr. Rodriguez was placed under arrest.

6   It is alleged that Special Agent Rafael Silva advised Mr. Rodriguez-Acosta of his rights, as
7   established in <u>Miranda v. Arizona</u> 384 U.S. 436 (1966), at approximately 12:39 a.m. on March 12, 2008.
8   Special Agent Silva claims that Mr. Rodriguez-Acosta acknowledged that he understood his rights and
9   agreed to answer questions without the presence of counsel.

10  Mr. Rodriguez-Costa allegedly stated that the truck was registered under his father's name but that
11  he was the one who drove it most of the time. In addition, Mr. Rodriguez-Acosta stated that he works with
12  his father as a truck driver, and had just left his mother's house en route to his own home in Calexico. When
13  the questioning turned to allegations of a conspiracy with no articulated relationship to the current incident,
14  Mr. Rodriguez-Acosta stated that he wanted to speak with his attorney and no further questions were asked.
15  After the interrogation was finished, Mr. Rodriguez-Acosta was arrested for violations of 21 U.S.C. §§ 852
16  and 960, and booked into the Imperial County Jail in El Centro, California.

17  On March 25, 2008, the July 2007 Grand Jury handed down an indictment, charging Mr. Rodriguez
18  -Acosta with the importation of approximately 19.84 kilograms (43.64 pounds) of marijuana, in violation
19  of Title 21, United States Code, Sections 952 and 960, and with possession of marijuana with the intent to
20  distribute, in violation of Title 21, United States Code 841(a)(1). A not guilty plea was entered on
21  Mr. Rodriguez-Acosta's behalf as to all counts.

22  On April 18, 2008, Mr. Rodriguez-Acosta filed motions with this court to compel discovery, to
23  preserve and inspect any evidence, and to allow leave to file further motions. The motion hearing and trial
24  setting date, set for April 28, 2008, was continued until June 9, 2008.

25  //
26  //
27  //
28  **II.**

# THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE INSTRUCTIONS PROVIDED TO THE GRAND JURY CANNOT BE RECONCILED WITH THE FIFTH AMENDMENT

The Ninth Circuit has, over vigorous dissents, rejected challenges to various instructions give to grand jurors in the Southern District of California. See United States v. Navarro-Vargas 408 F.3d 1184 (9th Cir.) (en banc), cert. denied, 126 S. Ct. 736 (2005). See also United States v. Cortes-Rivera, 454 F.3d 1038 (9th Cir. 2006). Mr. Rodriguez-Acosta respectfully disagrees with the Navarro-Vargas majority opinion, and argues that this Court should dismiss the indictment based upon structural error for the reasons set forth in Judge Hawkins' dissent in the en banc opinion, see Navarro-Vargas, 408 F.3d at 1210-11 (Hawkins, J., dissenting), and Judge Kozinski's dissent in the three judge panel decision. See United States v. Navarro-Vargas, 367 F.3d 896, 899-904 (9th Cir. 2004) (Kozinski, J., dissenting).

Further, Mr. Rodriguez-Acosta respectfully requests that this Court order production of the transcript of the voir dire and instruction of this grand jury panel. The entirety of the instructions and voir dire of the grand jury are important in this case because the grand jury receives instructions throughout the voir dire process. Once these transcripts become available to Mr. Rodriguez-Acosta he may request to supplement these motions. See United States v. Alter, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) ("[t]he proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not.").

## III.

## MOTION TO SUPPRESS STATEMENTS

Mr. Rodriguez-Acosta moves to suppress any statements made at the time of his arrest on the grounds that his Miranda waiver was not knowing, intelligent, and voluntary. Moreover, Mr. Rodriguez-Acosta moves to suppress any other statements made on the grounds that those statements were not made voluntarily.

**A.    The Government must demonstrate compliance with *Miranda*.**

In order for any statements made by Mr. Rodriguez-Acosta to be admissible against him, the government must demonstrate that they were obtained in compliance with the Miranda decision.

//

    **1.    Mr. Rodriguez-Acosta's Waiver Must Be Voluntary, Knowing, and Intelligent.**

3

1   When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then, it must also involve a "requisite level of comprehension" before a court may conclude that Miranda rights have been legitimately waived. Id. (quoting Colorado v. Spring, 479 U.S. at 573).

Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as a result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479. The government in this case must prove that Mr. Rodriguez-Acosta waived his rights intelligently and voluntarily. Mr. Rodriguez-Acosta disputes any allegation that his waiver was knowing, intelligent, and voluntarily.

**2.     Mr. Rodriguez-Acosta's Statements Must be Voluntary.**

Even if Mr. Rodriguez-Acosta's statements were made after a voluntary, knowing, and intelligent waiver, they must have been made voluntarily, or they must be suppressed. The Supreme Court has held that even where the procedural safeguards of Miranda are satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded on involuntary statements. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964); see also United States v. Davidson, 768 F.2d 1266, 1269 (11th Cir. 1985)("an accused is deprived of due process if his conviction rests wholly or partially upon an involuntary confession, even if the statement is true, and even if there is ample independent

1 evidence of guilt."). The government has the burden of proving that statements are voluntary by a
2 preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972). An accused's confession must
3 result from an "independent and informed choice of his own free will, possessing the capability to do so,
4 his will not being overborne by the pressures and circumstances swirling around him." Martin v.
5 Wainwright, 770 F. 2d 918, 924 (11th Cir. 1985), modified, 781 F. 2d 185 (11th Cir.) (quotations omitted).

To be considered voluntary, a statement must be the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the court must consider the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).[2] A confession is deemed involuntary not only if coerced by physical intimidation, but also if achieved through psychological pressure. "The test is whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)); accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). Here, Mr. Rodriguez-Acosta's statements were involuntary. An evidentiary hearing in this case will reveal this case is indistinguishable from United States v. Tingle, 658 F.2d 1332 (9th Cir. 1981). Accordingly, suppression of Mr. Rodriguez-Acosta's statements is required.

**B.     This Court Must Conduct an Evidentiary Hearing.**

Under 18 U.S.C. § 3501(a), this Court is required to determine, outside the presence of the jury, whether any statements made by Mr. Rodriguez-Acosta are voluntary. In addition, section 3501(b) requires this Court to consider various enumerated factors, including whether Mr. Rodriguez-Acosta understood the nature of the charges against him and whether he understood his rights. Without evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12. See

---

[2] Among the factors which are considered are the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of questioning, and the use of physical punishment such as deprivation of food or sleep.

5

United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990).  Because "`suppression hearings are often as important as the trial itself,'" Id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

## VI.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process.  To date, counsel has received **73 pages** of discovery from the government in this matter.

## VII.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Rodriguez-Acosta, respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

*/s/ Victor N. Pippins*

DATED: May 27, 2008    **VICTOR N. PIPPINS**

Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rodriguez-Acosta
E-mail: victor_pippins@fd.org