```
 1 │ KAREN P. HEWITT
   │ United States Attorney
 2 │ PETER J. MAZZA
   │ Assistant United States Attorney
 3 │ California Bar No. 239918
   │ Federal Office Building
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │ Telephone: (619) 557-7034
 6 │ Attorneys for Plaintiff
   │ United States of America
 7 │
 8 │             UNITED STATES DISTRICT COURT
 9 │            SOUTHERN DISTRICT OF CALIFORNIA
10 │ UNITED STATES OF AMERICA,  )  Case No.   08CR0878-IEG
   │                            )
11 │              Plaintiff,    )  DATE:      June 9, 2008
   │                            )  TIME:      2:00 a.m.
12 │        v.                  )
   │                            )  GOVERNMENT'S RESPONSE TO
13 │ MIGUEL RODRIGUEZ-ACOSTA,   )  DEFENDANT'S MOTIONS TO:
   │                            )
14 │                            )  (1) DISMISS THE INDICTMENT
   │                            )  (2) SUPPRESS STATEMENTS; AND
15 │                            )  (3) GRANT LEAVE TO FILE
   │                            )      ADDITIONAL MOTIONS
16 │              Defendant.    )
   │                            )  TOGETHER WITH A STATEMENT
17 │                            )  OF FACTS AND A MEMORANDUM
   │                            )  OF POINTS AND AUTHORITIES
18 │ _____)
```

19      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and
20 through its counsel, Karen P. Hewitt, United States Attorney, and
21 Peter J. Mazza, Assistant United States Attorney, and hereby files
22 its response to Defendant Miguel Rodriguez-Acosta's ("Defendant")
23 motions to dismiss the indictment, suppress statements, and grant
24 leave to file additional motions. Said response is based upon the
25 files and records of this case, together with the attached
26 statement of facts and accompanying memorandum of points and
27 authorities.
28 //

**I**

**STATEMENT OF THE CASE**

    **A.**    **THE CHARGE**

On March 21, 2008, a grand jury sitting in the Southern District of California returned a two-count Indictment against Defendant, charging him with importation of marijuana into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On March 25, 2008, Defendant was arraigned on the Indictment.

    **B.**    **STATUS OF DISCOVERY**

On March 31, 2008, the Government produced approximately 73 pages of discovery. The documents that have been produced constitute all discoverable material that the Government has to date, and includes, <u>inter alia</u>: (1) investigative reports; (2) Defendant's criminal history; (3) documents seized from Defendant's vehicle and his person; (4) photographs taken throughout the investigation; and (5) a summary of Defendant's post-arrest interview. On April 18, 2008, Defendant filed a motion to compel discovery. The Government filed its response on April 21, 2008.

**II**

**STATEMENT OF FACTS**

On March 11, 2008, at approximately 9:08 p.m., Defendant entered the Calexico, California West Port of Entry as the driver and sole occupant of a 2005 Ford F-150 pickup truck bearing

1  California license plate number 7P81127.  Customs and Border
2  Protection (CBP) Canine Enforcement Officer Jones was working in
3  the pre-primary area at this time.  Officer Jones' narcotics
4  detector dog alerted positively to the spare tire area of
5  Defendant's vehicle.  Defendant and the vehicle were referred to
6  secondary inspection.
7     At secondary, Defendant made a negative customs declaration
8  to Officer Medina.  Defendant further told Officer Medina that he
9  was on his way from Mexicali where he had been playing tennis.
10 Officer Medina conducted an inspection of the vehicle that
11 revealed packages concealed within the spare tire of the vehicle.
12 In total, Officer Medina discovered 20 packages that contained a
13 green, leafy substance, which tested positive for marijuana.  The
14 packages and drugs weighed approximately 19.84 kilograms.
15 Officers took Defendant into custody.
16    At approximately 12:39 a.m., on March 12, 2008, Immigration
17 and Customs Enforcement (ICE) Special Agents Rafael Silva and
18 Timothy Henderson informed Defendant of his *Miranda* rights.  The
19 agents asked Defendant whether he understood each individual right
20 as they informed him of it from a pre-printed form.  Defendant
21 acknowledged that he did, in fact, understand each right by
22 placing his initials next to each right on the form.  Agent Silva
23 then had Defendant read the "Waiver of Rights" form aloud and
24 again asked Defendant whether he understood the what it meant.
25 Defendant acknowledged that he did, and agreed to answer questions
26 without the presence of an attorney.
27
28

Defendant denied knowing what was in his car. He stated that while the vehicle is in his father's name, he is the principal driver. He stated that he was coming from his mother's home and was in route to his home in Calexico, California. Defendant admitted that he owed between $6,000 and $6,500 to two individuals in Mexico.

Agents eventually informed Defendant that he was the subject of a Treasury Enforcement Communication System (TECS) alert from 2003 related to suspected cocaine smuggling. At that time, Defendant invoked his right to an attorney. All questioning ceased at that point.

### III

### POINTS AND AUTHORITIES

**A.   DEFENDANT'S MOTION TO PRODUCE GRAND JURY TRANSCRIPTS SHOULD BE DENIED**

Defendant seeks production of the grand jury transcripts yet fails to support his motion with a showing of the requisite need to invade the sanctity of the grand jury's deliberations. As such, his motion should be denied.

The need for grand jury secrecy remains paramount unless the defendant can show "a particularized need" that outweighs the policy of grand jury secrecy. United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986); United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The grand jury may indict someone based on inadmissible evidence or evidence obtained in violation of the

1  rights of the accused.[1/] Tracing the history of the grand jury
2  from English common law, the U.S. Supreme Court has observed that
3  grand jurors were not hampered by technical or evidentiary laws,
4  and traditionally could return indictments based not on evidence
5  presented to them at all, but on their own knowledge of the facts.
6  See Costello, 350 U.S. at 363.  In light of this tradition, the
7  Court held that "neither the Fifth Amendment nor any other
8  constitutional provision prescribes the kind of evidence upon
9  which grand juries must act," and that grand jury indictments
10 could not be challenged based on the insufficiency or incompetence
11 of the evidence.  Id.  Rather, "[a]n indictment returned by a
12 legally constituted and unbiased grand jury, like an information
13 drawn by the prosecutor, if valid on its face, is enough to call
14 for trial of the charge on the merits."  Id. at 409.  In this
15 case, there is no extraordinary basis to support Defendant's
16 request for grand jury transcripts.
17 //
18 //

---

[1/]  See, e.g., United States v. Mandujano, 425 U.S. 564 (1976) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); United States v. Calandra, 414 U.S. 338, 343 (1974); United States v. Blue, 384 U.S. 251 (1966) (indictment brought based on evidence obtained in violation of defendant's right against self-incrimination); Lawn v. United States, 355 U.S. 339 (1958); Costello v. United States, 350 U.S. 359, 363 (1956) ("neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act"); see also Reyes v. United States, 417 F.2d 916, 919 (9th Cir. 1969); Johnson v. United States, 404 F.2d 1069 (9th Cir. 1968); Wood v. United States, 405 F.2d 423 (9th Cir. 1968); Huerta v. United States, 322 F.2d 1 (9th Cir. 1963).

**B.    DEFENDANT'S MOTION TO SUPPRESS SHOULD BE DENIED**

Defendant moves this Court to suppress statements he made to agents on the day of his arrest and to hold an evidentiary hearing to determine if statements made by Defendant were the result of a knowing, intelligent, and voluntary waiver of his <u>Miranda</u> rights. Defendant states that the Court must "make a factual determination," (Def.'s Mot. 10,) regarding the voluntariness of his statements.  To the extent that Defendant requests that an evidentiary hearing be held, the Court can and should deny Defendant's motion to suppress without a hearing.

### 1.    Defendant's Post-Arrest Statements Are Admissible

Defendant baldly asserts that his statements were involuntary, although he does not proffer – let alone provide a declaration for – any facts to suggest that his statements were involuntary. (Def.'s Mot. 4.)  A statement made in response to custodial interrogation is admissible under <u>Miranda v. Arizona</u>, 384 U.S. 437 (1966), and 18 U.S.C. § 3501, if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. <u>Colorado v. Connelly</u>, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and <u>Miranda</u> determinations; valid waiver of <u>Miranda</u> rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'").  Whether there has been an intelligent <u>Miranda</u> waiver depends upon the particular facts in the case, including

but not limited to the background, experience, and conduct of the accused. <u>Brewer v. Williams</u>, 430 U.S. 387, 403 (1977); <u>United States v. Rodriquez-Gastelum</u>, 569 F.2d 482, 483 (9th Cir.), <u>cert. denied</u>, 436 U.S. 919 (1978). A statement is considered "voluntary" if the totality of the surrounding circumstances indicates it was the product of free and rational choice. <u>Columbe v. Connecticut</u>, 367 U.S. 568 (1961). The voluntariness of a Fifth Amendment waiver depends on the absence of police overreaching, not on "free choice" in any broader sense of the word. <u>Connelly</u>, 479 U.S. 157. In examining the totality of the circumstances, the court must examine the personal characteristics of the defendant, together with the details of the interrogation. <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973). Relevant personal characteristics include age, intelligence, educational level, knowledge of rights, and the defendant's physical, mental, or emotional condition. <u>Brewer</u>, 430 U.S. at 403.

Here, Agents informed Defendant of his <u>Miranda</u> rights at approximately 12:39 a.m., on March 12, 2008, which was just over three hours after he entered the Calexico West Port of Entry for the first time. The agents informed Defendant of his rights one at a time, and paused after each one to ensure that Defendant understood the right. He indicated that understood each right by placing his initials next to each right. Agent Silva also then had Defendant read a "Waiver of Rights" form aloud again to ensure that Defendant understood what the form meant. Agents confirmed with him that he did, in fact, understood the waiver form.

1  Defendant indicated to them that he did understand it and was
2  willing to answer questions.  Only then did agents proceed with
3  the interview.
4      Importantly, Defendant does not provide any facts to dispute
5  this scenario.  Accordingly, the Court should find that he
6  knowingly and intelligently waived his Miranda rights and that his
7  statements were made freely and voluntarily.  Defendant's motion
8  to suppress his statements should be denied.
9      **2.  An Evidentiary Hearing Is Not Required**
10     There is no need for an evidentiary hearing in this matter.
11 Under Ninth Circuit and Southern District precedent, as well as
12 Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant
13 is entitled to an evidentiary hearing on a motion to suppress only
14 when the defendant adduces specific facts as set forth in a
15 declaration sufficient to require the granting of Defendant's
16 motion.  United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir.
17 1989) (where "defendant, in his motion to suppress, failed to
18 dispute any material fact in the government's proffer, . . . the
19 district court was not required to hold an evidentiary hearing");
20 United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal.
21 1991) (boilerplate motion containing indefinite and unsworn
22 allegations was insufficient to require evidentiary hearing on
23 defendant's motion to suppress statements); Crim. L.R. 47.1.
24     Requiring a declaration from a defendant in no way
25 compromises defendant's constitutional rights, as declarations in
26 support of a motion to suppress cannot be used by the government
27
28

1    at trial over a defendant's objection. Batiste, 868 F.2d at 1092
2    (proper to require declaration in support of Fourth Amendment
3    motion to suppress); Moran-Garcia, 783 F. Supp. at 1271-74
4    (extending Batiste to Fifth Amendment motion to suppress).
5    Furthermore, a defendant can not reasonably claim that he has less
6    information than the government, and therefore should be excused
7    from providing proof to support a motion. Batiste, 868 F.2d at
8    1092.  A defendant knows as well as anyone the facts that
9    transpired at the time of his arrest and interrogation.
10   Here, Defendant has failed to support his allegations with a
11   declaration, in clear violation of Local Rule 47.1(g).
12   Defendant's allegation of a Miranda violation appears to be
13   boilerplate language, as Defendant does not contest any of the
14   factual bases surrounding his interview. Thus, Defendant fails to
15   demonstrate there is a need for an evidentiary hearing. See
16   United States v. Howell, 231 F.3d 616, 620-23 (9th Cir. 2000)
17   (holding that "[a]n evidentiary hearing on a motion to suppress
18   need be held only when the moving papers allege facts with
19   sufficient definiteness, clarity, and specificity to enable the
20   trial court to conclude that contested issues of fact exist"). As
21   such, this Court should deny Defendant's motion to suppress and
22   find that Defendant's post-arrest statements are admissible.

23   **C.    LEAVE TO FILE ADDITIONAL MOTIONS**

24   The Government does not oppose Defendant's motion for leave
25   to file additional motions provided any such motions are based on
26   newly discovered evidence.

08CR0878-IEG

**IV**

**CONCLUSION**

For the foregoing reasons, the Government requests that Defendant's motions be denied where indicated.

DATED: June 2, 2008.

                                         Respectfully submitted,

                                         KAREN P. HEWITT
                                       United States Attorney

                                       s/ Peter J. Mazza
                                       PETER J. MAZZA
                                       Assistant U.S. Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0878-IEG |
| Plaintiff, ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| MIGUEL ANGEL RODRIGUEZ-ACOSTA,) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of a Response to Defendant's Motion for Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Victor Pippins, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008.

                                          s/ Peter J. Mazza
                                          PETER J. MAZZA